UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
DISABILITY RIGHTS NEW YORK,

Plaintiff,

-against-                                                    16 Civ. 7363 (AKH)

NEW YORK STATE, UNIFIED COURT SYSTEM OF
THE STATE OF NEW YORK, Honorable JANET                      **ANSWER**
DIFIORE, as Chief Judge of the New York State
Unified Court System, Honorable LAWRENCE K.
MAKRS, as Chief Administrative Judge of the
New York State Unified Court System,

Defendants.
------------------------------------------------------------------x

Defendants the STATE OF NEW YORK, NEW YORK STATE UNIFIED COURT

SYSTEM ("UCS"), the Honorable JANET DiFIORE, and the Honorable LAWRENCE K.

MARKS (collectively, "Defendants"), by their attorney, ERIC T. SCHNEIDERMAN, the

Attorney General of the State of New York, as and for their Answer to the Complaint filed on

September 21, 2016, by DISABILITY RIGHTS NEW YORK ("Plaintiff"), allege the following:

## **PRELIMINARY STATEMENT**[1]

1.      State that Paragraph 1 of the Complaint sets forth conclusions of law to which no

response is required.  To the extent that a response is required, Defendants deny the allegations in

the paragraph.

2.      State that Paragraph 2 of the Complaint sets forth conclusions of law to which no

response is required.  To the extent that a response is required, Defendants deny the allegations in

the paragraph, except admit that certain courts administered by the UCS apply and administer

---

1 For the Court's convenience, the headings in this Answer conform to the headings in the Complaint.  Their use
should not be construed to mean that Defendants agree with or adopt the characterizations set forth therein.

Article 17A of the Surrogate's Court Procedure Act ("Article 17A").

      3.     State that Paragraph 3 of the Complaint sets forth Plaintiff's characterization of the claims asserted in the Complaint, to which no response is required.  To the extent that a response is required, Defendants admit that the Complaint purports to assert claims pursuant to the cited constitutional and statutory provisions, but deny that Plaintiff's claims are meritorious.

## JURISDICTION AND VENUE

      4.     State that Paragraph 4 of the Complaint sets forth conclusions of law to which no response is required.  To the extent that a response is required, Defendants deny the allegations, except admit that the Complaint purports to assert jurisdiction under the statute cited therein.

      5.     State that Paragraph 5 of the Complaint sets forth Plaintiff's characterization of the claims asserted in the Complaint, to which no response is required.  To the extent that a response is required, Defendants admit that the Complaint purports to assert claims pursuant to the cited constitutional and statutory provisions, but deny that Plaintiff's claims are meritorious.

      6.     State that Paragraph 6 of the Complaint sets forth Plaintiff's characterization of the claims asserted in the Complaint, to which no response is required.  To the extent that a response is required, Defendants admit that the Complaint purports to assert claims pursuant to the cited statutory provisions, but deny that Plaintiff's claims are meritorious.

      7.     State that Paragraph 7 of the Complaint sets forth conclusions of law to which no response is required.  To the extent that a response is required, Defendants deny that declaratory and injunctive relief are warranted in this action.

8.      State that Paragraph 8 of the Complaint sets forth conclusions of law to which no response is required.  To the extent that a response is required, Defendants deny the allegations, except admit that the Complaint purports to assert that venue is appropriate under the statute cited therein.

## PARTIES

### Plaintiff

9.      Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint.

10.      State that Paragraph 10 of the Complaint sets forth conclusions of law to which no response is required, and respectfully refer the Court to the statute cited in the paragraph for its contents.

11.      State that Paragraph 11 of the Complaint sets forth conclusions of law to which no response is required, and respectfully refer the Court to the statute cited in the paragraph for its contents.

12.      Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint, and respectfully refer the Court to the statute cited in the paragraph for its contents.

13.      Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint.

**Defendants**

14.     State that Paragraph 14 of the Complaint sets forth conclusions of law to which no response is required, and respectfully refer the Court to the statute cited in the paragraph for its contents.

15.     State that Paragraph 15 of the Complaint sets forth conclusions of law to which no response is required.  To the extent that a response is required, Defendants state that the New York State Unified Court System is the judicial branch of the State of New York.

16.     State that Paragraph 16 of the Complaint sets forth conclusions of law to which no response is required, and respectfully refer the Court to the statute cited in the paragraph for its contents.

17.     State that Paragraph 17 of the Complaint sets forth conclusions of law to which no response is required, and respectfully refer the Court to the constitutional provision and other legal sources referenced in the paragraph for their contents.

18.     Admit that the UCS maintains and administers the Surrogate's Courts of the State of New York and that the Complaint contains allegations concerning actions allegedly undertaken by the Surrogate's Courts, but deny that the Complaint's allegations are meritorious.

19.     Deny the allegations in Paragraph 19, of the Complaint, except admit that the UCS maintains offices at the location alleged.

20.     Admit that the Hon. Janet DiFiore is the Chief Judge of the State of New York, and otherwise deny the allegations of the Paragraph 20 of the Complaint and respectfully refer to

4

Court to the constitutional provision and other legal sources cited in the paragraph for their contents.

21.    Admit the allegations in Paragraph 21 of the Complaint.

22.    Deny the allegations in Paragraph 22 of the Complaint, except admit that pursuant to Article 6, Section 28 of the New York State Constitution, the Chief Judge establishes standards and administrative policies for the UCS in the State of New York after consultation with the Administrative Board and with the approval of the Court of Appeals.

23.    Admit that Chief Judge Fiore is sued in this action solely in her official capacity.

24.    Deny the allegations in Paragraph 24 of the Complaint, except admit that Plaintiff complains of certain alleged actions undertaken by the Surrogate's Courts prior to and during the Hon. Janet Fiore's term as Chief Judge.

25.    Admit that the Hon. Lawrence K. Marks is the Chief Administrative Judge for the New York State Courts, and otherwise deny the allegations in Paragraph 25 of the Complaint and respectfully refer to Court to the constitutional provision and other legal sources cited in the paragraph for their contents.

26.    Admit that Judge Marks is sued in this action solely in his official capacity.

27.    Deny the allegations in Paragraph 27 of the Complaint, except admit that Plaintiff complains of certain alleged actions undertaken by the Surrogate's Courts prior to and during the Hon. Lawrence K. Marks's term as Chief Administrative Judge.

28.    Admit the allegations in Paragraph 28 of the Complaint, and respectfully refer the

5

Court to the web site cited therein for its contents.

## FACTUAL ALLEGATIONS

29.     State that Paragraph 29 of the Complaint sets forth conclusions of law, to which no response is required.  To the extent that a response is required, Defendants deny the allegations in the paragraph.

30.     Admit that under New York State Law, guardianships may be sought pursuant to Article 17A of the Surrogate's Court Procedure Act or Article 81 of the Mental Hygiene Law, and respectfully refer the Court to the respective statutes for its their contents.

31.     State that Paragraph 31 of the Complaint sets forth conclusions of law to which no response is required, and respectfully refer the Court to the statute cited in the paragraph for their contents.

32.     State that Paragraph 32 of the Complaint sets forth conclusions of law to which no response is required, and respectfully refer the Court to the statutory provisions cited in the paragraph for their contents.

33.     State that Paragraph 33 of the Complaint sets forth conclusions of law to which no response is required.  To the extent that a response is required, Defendants deny the allegations in the paragraph and respectfully refer the Court to the statute cited therein for its contents.

34.     State that Paragraph 34 of the Complaint sets forth conclusions of law to which no response is required, and respectfully refer the Court to the statute cited in the paragraph for its contents.

6

**History of MHL Article 81 and SCPA Article 17A**

35.     State that Paragraph 35 of the Complaint sets forth conclusions of law to which no response is required, and respectfully refer the Court to the citation in the paragraph for its contents.

36.     Deny having knowledge of information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint.

37.     Deny having knowledge of information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint.

38.     Deny having knowledge of information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint.

39.     Deny having knowledge of information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Complaint, except admit that the Legislature set forth its findings and purpose in Section 81.01 of the Mental Hygiene Law, and respectfully refer the Court to that section for its contents.

40.     Deny having knowledge of information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the Complaint, except admit that the Legislature enacted Article 81 in 1992, and respectfully refer the Court to the statute cited in the paragraph for its contents.

41.     State that Paragraph 41 of the Complaint sets forth conclusions of law to which no response is required, and respectfully refer the Court to the statute cited in the paragraph for its

contents.

42.     State that Paragraph 42 of the Complaint sets forth conclusions of law to which no response is required, and respectfully refer the Court to the statute cited in the paragraph for its contents.

43.     State that Paragraph 43 of the Complaint sets forth conclusions of law to which no response is required, and respectfully refer the Court to the statute cited in the paragraph for its contents.

44.     State that Paragraph 44 of the Complaint sets forth conclusions of law to which no response is required.  To the extent that a response is required, Defendants deny the allegations in the paragraph and respectfully refer the Court to the statutes referenced therein for their contents.

45.     State that Paragraph 45 of the Complaint sets forth conclusions of law to which no response is required, and respectfully refer the Court to the statute cited in the paragraph for its contents.

46.     State that Paragraph 46 of the Complaint sets forth a characterization of a legal commentary to which no response is required, and respectfully refer the Court to the commentary cited in the paragraph for its contents.

47.     State that Paragraph 47 of the Complaint sets forth conclusions of law to which no response is required, and respectfully refer the Court to the statute cited in the paragraph for its contents.

48.     State that Paragraph 48 of the Complaint sets forth conclusions of law to which no

response is required, and respectfully refer the Court to the statute cited in the paragraph for its contents.

49.     State that Paragraph 49 of the Complaint sets forth conclusions of law to which no response is required, and respectfully refer the Court to the statute cited in the paragraph for its contents.

50.     State that Paragraph 50 of the Complaint sets forth conclusions of law to which no response is required, and respectfully refer the Court to the statute cited in the paragraph for its contents.

51.     State that Paragraph 51 of the Complaint sets forth a characterization of a legal commentary to which no response is required, respectfully refer the Court to the commentary cited in the paragraph for its contents, and deny the allegation that the commentary "describes the significant distinctions between Article 81 and Article 17A."

52.     State that Paragraph 52 of the Complaint sets forth conclusions of law to which no response is required.  To the extent that a response is required, Defendants deny the allegations in the paragraph and respectfully refer the Court to the statutes cited therein for their contents.

53.     State that Paragraph 53 of the Complaint sets forth conclusions of law to which no response is required, respectfully refer the Court to the statute cited in the paragraph for its contents, and otherwise deny the allegations in the paragraph.

54.     State that Paragraph 54 of the Complaint sets forth conclusions of law to which no response is required, respectfully refer the Court to the statute cited in the paragraph for its

contents, and otherwise deny the allegations in the paragraph.

## New York State's Olmstead Cabinet and Article 17A

55.     The State of New York admits the allegations in Paragraph 55 of the Complaint, and the remaining Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph.

56.     State that Paragraph 56 of the Complaint purports to quote and characterize a document, to which no response is required, respectfully refer the Court to the document cited in the paragraph for its contents, and otherwise deny the allegations in the paragraph.

57.     State that Paragraph 57 of the Complaint sets forth conclusions of law to which no response is required, respectfully refer the Court to the statute cited in the paragraph for its contents, and otherwise deny the allegations in the paragraph.

58.     State that Paragraph 58 of the Complaint purports to quote and characterize a document, to which no response is required, and respectfully refer the Court to the document cited in the paragraph for its contents.

59.     Defendants respectfully refer the Court to the statute cited in Paragraph 59 of the Complaint for its contents, and otherwise state that Article 17A was last amended in 2016.

## Procedural and Substantive Standards for the Appointment of a Guardian

## The Petition

60.     State that Paragraph 60 of the Complaint sets forth conclusions of law to which no response is required.  To the extent that a response is required, Defendants deny the allegations in

10

the paragraph and respectfully refer the Court to the statutes cited therein for their contents.

61.     State that Paragraph 61 of the Complaint sets forth conclusions of law to which no response is required, and respectfully refer the Court to the statute cited in the paragraph for its contents.

62.     State that Paragraph 62 of the Complaint sets forth conclusions of law to which no response is required, and respectfully refer the Court to the statute cited in the paragraph for its contents.

63.     State that Paragraph 63 of the Complaint sets forth conclusions of law to which no response is required, and respectfully refer the Court to the statute cited in the paragraph for its contents.

64.     State that Paragraph 64 of the Complaint sets forth conclusions of law to which no response is required, and respectfully refer the Court to the statute cited in the paragraph for its contents.

65.     State that Paragraph 65 of the Complaint sets forth conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the allegations in the paragraph and respectfully refer the Court to the statutes referenced therein for their contents.

66.     State that Paragraph 66 of the Complaint sets forth conclusions of law to which no response is required, and respectfully refer the Court to the statute cited in the paragraph for its contents.

67.     Deny the allegations in Paragraph 67 of the Complaint, except admit that several

forms available on the web site referenced in the paragraph were issued by Judge Marks.

68.     Deny the allegations in Paragraph 68 of the Complaint, except admit that certain forms issued by the Chief Administrative Judge require a petitioner to submit certifications of two physicians or one licensed psychologist and one physician with a petition filed pursuant to Article 17A, and respectfully refer the Court to the forms for their contents.

69.      Deny the allegations in Paragraph 69 of the Complaint, except admit that one of the forms issued by the Chief Administrative Judge provides the opportunity for a physician or psychologist to provide certain information concerning the person who is the subject of a guardianship proceeding, and respectfully refer the Court to such forms for their contents.

70.     Deny that Paragraph 70 fully and accurately describes the forms referenced therein, and respectfully refer the Court to the forms for their contents.

71.     Deny that Paragraph 71 fully and accurately describes the forms referenced therein, and respectfully refer the Court to the forms for their contents.

72.     Deny that Paragraph 72 fully and accurately describes the forms referenced therein, and respectfully refer the Court to the forms for their contents.

73.     Deny that Paragraph 73 fully and accurately describes the forms referenced therein, and respectfully refer the Court to the forms for their contents.

74.     Deny that Paragraph 74 fully and accurately describes the forms referenced therein, and respectfully refer the Court to the forms for their contents.

75.     State that Paragraph 75 of the Complaint sets forth conclusions of law to which no

response is required.  To the extent that a response is required, Defendants deny the allegations in the paragraph and respectfully refer the Court to the statutes referenced therein for their contents.

76.     State that Paragraph 76 of the Complaint sets forth conclusions of law to which no response is required.  To the extent that a response is required, Defendants deny the allegations in the paragraph and respectfully refer the Court to the statutes referenced therein for their contents.

77.     State that Paragraph 77 of the Complaint sets forth conclusions of law to which no response is required, respectfully refer the Court to the statute cited in the paragraph for its contents, and otherwise deny the allegations in the paragraph.

## Notice

78.     Paragraph 78 of the Complaint sets forth conclusions of law to which no response is required, respectfully refer the Court to the statute cited in the paragraph for its contents, and otherwise deny the allegations in the paragraph.

79.     State that Paragraph 79 of the Complaint sets forth conclusions of law to which no response is required, and respectfully refer the Court to the statute cited in the paragraph for its contents.

80.     State that Paragraph 80 of the Complaint sets forth conclusions of law to which no response is required, and respectfully refer the Court to the statute cited in the paragraph for its contents.

81.     State that Paragraph 81 of the Complaint sets forth conclusions of law to which no response is required, respectfully refer the Court to the statute cited in the paragraph for its

contents, and otherwise deny the allegations in the paragraph.

82.     State that Paragraph 82 of the Complaint sets forth conclusions of law to which no response is required, respectfully refer the Court to the statute cited in the paragraph for its contents, and otherwise deny the allegations in the paragraph.

## Necessity of Guardianship

83.     State that Paragraph 83 of the Complaint sets forth conclusions of law to which no response is required, respectfully refer the Court to the cases cited in the paragraph for their contents, and otherwise deny the allegations in the paragraph.

84.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84 of the Complaint, and respectfully refer the Court to the cases cited in the paragraph for their contents.

85.     State that Paragraph 85 of the Complaint sets forth conclusions of law to which no response is required, and respectfully refer the Court to the statute cited in the paragraph for its contents.

86.     State that Paragraph 86 of the Complaint sets forth conclusions of law to which no response is required, and respectfully refer the Court to the statute cited in the paragraph for its contents.

87.     State that Paragraph 87 of the Complaint sets forth conclusions of law to which no response is required, and respectfully refer the Court to the statute cited in the paragraph for its contents.

88.     State that Paragraph 88 of the Complaint sets forth conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the allegations in the paragraph and respectfully refer the Court to the statutes referenced therein for their contents.

89.     State that Paragraph 89 of the Complaint sets forth conclusions of law to which no response is required.  To the extent that a response is required, Defendants deny the allegations in the paragraph.

**The Hearing and Presence of a Person Subject to Guardianship**

90.     State that Paragraph 90 of the Complaint sets forth conclusions of law to which no response is required, and respectfully refer the Court to the statute cited in the paragraph for its contents.

91.     State that Paragraph 91 of the Complaint sets forth conclusions of law to which no response is required and purports to characterize forms issued by the Chief Administrative Judge, and respectfully refer the Court to the statute and forms referenced in the paragraph for their contents.

92.     State that Paragraph 92 of the Complaint sets forth conclusions of law to which no response is required, and respectfully refer the Court to the statute cited in the paragraph for its contents.

93.     State that Paragraph 93 of the Complaint sets forth conclusions of law to which no response is required.  To the extent that a response is required, Defendants deny the allegations in the paragraph and respectfully refer the Court to the statutes referenced therein for their contents.

15

94.     State that Paragraph 94 of the Complaint sets forth conclusions of law to which no response is required, and respectfully refer the Court to the statutes cited in the paragraph for their contents.

95.     State that Paragraph 95 of the Complaint characterizes a document allegedly issued by the New York State Law Revision Commission, respectfully refer the Court to the document for its contents, and otherwise deny the allegations in the paragraph.

### Evidentiary Standard For Appointment of Guardian

96.     State that Paragraph 96 of the Complaint sets forth conclusions of law to which no response is required, and respectfully refer the Court to the statute cited in the paragraph for its contents.

97.     State that Paragraph 97 of the Complaint sets forth conclusions of law to which no response is required, and respectfully refer the Court to the statute cited in the paragraph for its contents.

98.     State that Paragraph 98 of the Complaint sets forth conclusions of law to which no response is required.  To the extent that a response is required, Defendants deny the allegations in the paragraph and respectfully refer the Court to the statutes referenced therein for their contents.

### Right to Counsel

99.     State that Paragraph 99 of the Complaint sets forth conclusions of law to which no response is required, respectfully refer the Court to the statute cited in the paragraph for its contents, and otherwise deny the allegations in the paragraph.

16

100.     State that Paragraph 100 of the Complaint sets forth conclusions of law to which no response is required, and respectfully refer the Court to the statute cited in the paragraph for its contents.

101.     State that Paragraph 101 of the Complaint sets forth conclusions of law to which no response is required, and respectfully refer the Court to the statute cited in the paragraph for its contents.

102.     State that Paragraph 102 of the Complaint sets forth conclusions of law to which no response is required, and respectfully refer the Court to the statute cited in the paragraph for its contents.

103.     State that Paragraph 103 of the Complaint sets forth conclusions of law to which no response is required, and respectfully refer the Court to the statute cited in the paragraph for its contents.

104.     State that Paragraph 104 of the Complaint sets forth conclusions of law to which no response is required, and respectfully refer the Court to the statute cited in the paragraph for its contents.  Further answering, to the extent that Paragraph 104 characterizes a document allegedly issued by the New York State Law Revision Commission, Defendants respectfully refer the Court to the document for its contents.

105.     State that Paragraph 105 of the Complaint sets forth conclusions of law to which no response is required, and respectfully refer the Court to the statute cited in the paragraph for its contents.

17

106.    State that Paragraph 106 of the Complaint sets forth conclusions of law to which no response is required, and respectfully refer the Court to the statute cited in the paragraph for its contents.

107.    State that Paragraph 107 of the Complaint sets forth conclusions of law to which no response is required, and respectfully refer the Court to the statute cited in the paragraph for its contents.

108.    State that Paragraph 108 of the Complaint sets forth conclusions of law to which no response is required, and respectfully refer the Court to the legal authorities cited in the paragraph for their contents.

109.    State that Paragraph 109 of the Complaint characterizes a document allegedly issued by the New York State Law Revision Commission, and respectfully refer the Court to the document for its contents and otherwise deny the allegations in the paragraph.

**Powers of the Guardian:  Plenary or Limited**

110.    Deny the allegations in Paragraph 110 of the Complaint, except admit that the UCS web site contains a description of Article 17A at

www.nycourts.gov/courthelp/Guardianship/17A.shtml, which is excerpted in the paragraph, and respectfully refer the Court to the web site for its contents.

111.    Deny the allegations in Paragraph 111 of the Complaint, except admit that the UCS web site contains a description of Article 17A at

www.nycourts.gov/courthelp/Guardianship/17A.shtml, which is excerpted in the paragraph, and

18

respectfully refer the Court to the web site for its contents.

112.    Deny the allegations in Paragraph 112 of the Complaint, except admit that the UCS web site contains a description of Article 17A at

www.nycourts.gov/courthelp/Guardianship/17A.shtml, which is excerpted in the paragraph, and respectfully refer the Court to the web site for its contents.

113.    Deny the allegations in Paragraph 113 of the Complaint, except admit that the UCS web site contains a description of Article 17A at

www.nycourts.gov/courthelp/Guardianship/17A.shtml, which is excerpted in the paragraph, and respectfully refer the Court to the web site for its contents.

114.    Deny the allegations in Paragraph 114 of the Complaint, except admit that the UCS web site contains a description of Article 17A at

www.nycourts.gov/courthelp/Guardianship/17A.shtml, which is excerpted in the paragraph, and respectfully refer the Court to the web site for its contents.

115.    State that Paragraph 115 of the Complaint sets forth conclusions of law to which no response is required, respectfully refer the Court to the statute cited in the paragraph for its contents, and otherwise deny the allegations in the paragraph.

116.    State that Paragraph 116 of the Complaint sets forth conclusions of law to which no response is required, and respectfully refer the Court to the statute cited in the paragraph for its contents.

117.    State that Paragraph 117 of the Complaint sets forth conclusions of law to which

no response is required.  To the extent that a response is required, Defendants deny the allegations in the paragraph and respectfully refer the Court to the statutes referenced therein for their contents.

118.    State that Paragraph 118 of the Complaint sets forth conclusions of law to which no response is required, and respectfully refer the Court to the statute cited in the paragraph for its contents.

119.    State that Paragraph 119 of the Complaint sets forth conclusions of law to which no response is required, and respectfully refer the Court to the statute cited in the paragraph for its contents.

120.    State that Paragraph 120 of the Complaint sets forth conclusions of law to which no response is required.  To the extent that a response is required, Defendants deny the allegations in the paragraph and respectfully refer the Court to the statutes referenced therein for their contents.

121.    The State of New York states that Paragraph 121 of the Complaint contains Plaintiff's characterization of a document issued by the State's Olmstead Cabinet, to which no answer is required, and respectfully refers the Court to the document for its contents.  The remaining Defendants deny having knowledge or information sufficient to form a belief as the truth of allegations in the paragraph.

## Selection of Guardian:  Powers and Oversight

122.    State that Paragraph 122 of the Complaint sets forth conclusions of law to which

no response is required, and respectfully refer the Court to the statute cited in the paragraph for its contents.

123.     State that Paragraph 123 of the Complaint sets forth conclusions of law to which no response is required.  To the extent that a response is required, Defendants deny the allegations in the paragraph and respectfully refer the Court to the statutes referenced therein for their contents.

124.     State that Paragraph 124 of the Complaint sets forth conclusions of law to which no response is required, and respectfully refer the Court to the statute cited in the paragraph for its contents.

## Eligibility and Qualifications of Guardian

125.     State that Paragraph 125 of the Complaint sets forth conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the allegations in the paragraph and respectfully refer the Court to the statutes referenced therein for their contents.

126.     State that Paragraph 126 of the Complaint refers to an alleged requirement of the statute referenced in Paragraph 125 of the Complaint and sets forth conclusions of law to which no response is required, and respectfully refer the Court to the referenced statute for its contents.

127.      State that Paragraph 127 of the Complaint characterizes a document allegedly issued by the New York State Law Revision Commission, and respectfully refer the Court to the document for its contents.

**Reporting and Review**

128.    State that Paragraph 128 of the Complaint sets forth conclusions of law to which no response is required, respectfully refer the Court to the statute cited in the paragraph for its contents, and otherwise deny the allegations in the paragraph.

129.    State that Paragraph 129 of the Complaint sets forth conclusions of law to which no response is required, and respectfully refer the Court to the statute cited in the paragraph for its contents.

130.    State that Paragraph 130 of the Complaint sets forth conclusions of law to which no response is required, respectfully refer the Court to the statute cited in the paragraph and the relevant case law for their contents, and otherwise deny the allegations in the paragraph.

131.    State that Paragraph 131 of the Complaint sets forth Plaintiff's characterization of a statute, to which no response is required, and respectfully refer the Court to the statute cited in the paragraph and the relevant case law for their contents.

132.    State that Paragraph 132 of the Complaint sets forth conclusions of law to which no response is required, and respectfully refer the Court to the statute cited in the paragraph for its contents.

133.    State that Paragraph 133 of the Complaint sets forth Plaintiff's characterization of a statute, to which no response is required, and respectfully refer the Court to the statute cited in the paragraph for its contents.  Further answering, to the extent that Paragraph 133 characterizes a document allegedly issued by the New York State Law Revision Commission, Defendants

22

respectfully refer the Court to the document for its contents.

## Modification, Termination & Restoration of Rights

134.    State that Paragraph 134 of the Complaint sets forth conclusions of law to which no response is required, and respectfully refer the Court to the statute cited in the paragraph for its contents.

135.    State that Paragraph 135 of the Complaint sets forth conclusions of law to which no response is required, and respectfully refer the Court to the statute cited in the paragraph for its contents.

136.    State that Paragraph 136 of the Complaint sets forth conclusions of law to which no response is required, and respectfully refer the Court to the statute cited in the paragraph for its contents.

137.    State that Paragraph 137 of the Complaint sets forth conclusions of law to which no response is required, and respectfully refer the Court to the statute cited in the paragraph for its contents.

138.    State that Paragraph 138 of the Complaint sets forth conclusions of law to which no response is required, and respectfully refer the Court to the statute cited in the paragraph for its contents.

139.    State that Paragraph 139 of the Complaint sets forth conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the allegations in the paragraph and respectfully refer the Court to the statutes referenced therein for their

contents.

140.    State that Paragraph 140 of the Complaint sets forth conclusions of law to which no response is required, and respectfully refer the Court to the statute cited in the paragraph for its contents.

141.    State that Paragraph 141 of the Complaint sets forth conclusions of law to which no response is required, respectfully refer the Court to the statute cited in the paragraph for its contents, and otherwise deny the allegations in the paragraph.

142.    State that Paragraph 142 of the Complaint sets forth conclusions of law to which no response is required, and respectfully refer the Court to the statute cited in the paragraph for its contents.

### Right to Vote

143.    State that Paragraph 143 of the Complaint sets forth conclusions of law to which no response is required, and respectfully refer the Court to the statute cited in the paragraph for its contents.

144.    State that Paragraph 144 of the Complaint asserts Plaintiff's characterization of a statute, to which no response is required, and respectfully refer the Court to the statute cited in the paragraph for its contents.

### CLAIMS FOR RELIEF

### First Claim for Relief – 42 U.S.C. § 1983 – Substantive Due Process

145.    Repeat and reallege their responses to paragraphs 1 to 144 of the Complaint as if

fully set forth herein.

146.    State that Paragraph 146 of the Complaint contains Plaintiff's characterization of the constitutional amendments referenced therein, to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 146 and respectfully refer the Court to the referenced constitutional amendments for their contents.

147.    State that Paragraph 147 of the Complaint sets forth conclusions of law to which no response is required.  To the extent that a response is required, Defendants deny the allegations of the paragraph, and respectfully refer the Court to the referenced cases for their contents.

148.    State that Paragraph 148 of the Complaint sets forth conclusions of law to which no response is required.  To the extent that a response is required, Defendants deny the allegations of the paragraph, and respectfully refer the Court to the referenced cases for their contents.

149.    State that Paragraph 149 of the Complaint sets forth conclusions of law to which no response is required.  To the extent that a response is required, Defendants deny the allegations of the paragraph, and respectfully refer the Court to the referenced constitutional amendments for their contents.

150.    Deny the allegations in Paragraph 150 of the Complaint.

151.    State that Paragraph 151 of the Complaint sets forth conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the allegations

25

of the paragraph, and respectfully refer the Court to the referenced case for its contents.

152.     Deny the allegations in Paragraph 152 of the Complaint.

153.     Deny the allegations in Paragraph 153 of the Complaint.


### Second Claim for Relief – 42 U.S.C. § 1983 – Procedural Due Process

154.     Repeat and reallege their responses to paragraphs 1 to 153 of the Complaint as if fully set forth herein.

155.     Paragraph 155 of the Complaint contains Plaintiff's characterization of the constitutional amendments referenced therein, to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 155 and respectfully refer the Court to the referenced constitutional amendments for their contents.

156.     Deny the allegations in Paragraph 156 of the Complaint.

157.     State that Paragraph 157 of the Complaint sets forth conclusions of law to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 157 and respectfully refer the Court to the referenced case for its contents.

158.     State that Paragraph 158 of the Complaint sets forth conclusions of law to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 158.

159.     Deny the allegations in Paragraph 159 of the Complaint.

26

160.     State that Paragraph 160 of the Complaint sets forth conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the allegations in the paragraph.

161.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 161 of the Complaint.

162.     State that Paragraph 162 of the Complaint sets forth conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 162 and respectfully refer the Court to the referenced case for its contents.

163.     State that Paragraph 163 of the Complaint sets forth conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 163 and respectfully refer the Court to the referenced case for its contents.

164.     State that Paragraph 164 of the Complaint sets forth conclusions of law to which no response is required.  To the extent that a response is required, Defendants deny the allegations of the paragraph and respectfully refer the Court to the referenced case for its contents.

165.     Deny the allegations in Paragraph 165 of the Complaint, except admit that the New York State Supreme Courts afford due process to individuals who are the subjects of guardianship proceedings.

**Third Claim for Relief – 42 U.S.C. § 1983 – Equal Protection**

166.     Repeat and reallege their responses to paragraphs 1 to 165 of the Complaint as if

fully set forth herein.

167.    State that Paragraph 167 of the Complaint sets forth conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the allegations in the paragraph and respectfully refer the Court to the referenced constitutional provision and statute for their contents.

168.    State that Paragraph 168 of the Complaint sets forth conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the allegations in the paragraph and respectfully refer the Court to the referenced constitutional provision and case for their contents.

169.    State that Paragraph 169 of the Complaint sets forth conclusions of law to which no response is required.  To the extent that To the extent that a response is required, Defendants deny the allegations in the paragraph and respectfully refer the Court to the referenced constitutional provision and case for their contents.

170.    State that Paragraph 170 of the Complaint sets forth conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the allegations in the paragraph and respectfully refer the Court to the referenced cases for their contents.

171.    State that Paragraph 171 of the Complaint sets forth conclusions of law to which no response is required.  To the extent that a response is required, Defendants deny the allegations in the paragraph and respectfully refer the Court to the referenced cases for their contents.

172.     Admit the allegations in Paragraph 172 of the Complaint.

173.     State that Paragraph 173 of the Complaint sets forth Plaintiff's characterization of Article 81, to which no response is required.  To the extent that a response is required, Defendants deny the allegations in the paragraph 162 and respectfully refer the Court to the referenced statute for its contents.

174.      State that Paragraph 174 of the Complaint sets forth Plaintiff's characterization of Article 17A, to which no response is required.  To the extent that a response is required, Defendants deny the allegations in the paragraph and respectfully refer the Court to the referenced statute for its contents.

175.     State that Paragraph 175 of the Complaint sets forth conclusions of law to which no response is required.  To the extent that a response is required, Defendants deny the allegations in the paragraph and respectfully refer the Court to the referenced statutes for their contents.

**Fourth Claim for Relief – 42 U.S.C. § 1983 – ADA claim under 42 USC § 12132**

176.     Repeat and reallege their responses to paragraphs 1 to 175 of the Complaint as if fully set forth herein.

177.     State that Paragraph 177 of the Complaint sets forth conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the allegations in the paragraph and respectfully refer the Court to the referenced statute for its contents.

178.     State that Paragraph 178 of the Complaint sets forth conclusions of law to which

29

no response is required. To the extent that a response is required, Defendants deny the allegations in the paragraph and respectfully refer the Court to the referenced statute for its contents.

179.    State that Paragraph 179 of the Complaint sets forth conclusions of law to which no response is required.  To the extent that a response is required, Defendants deny the allegations in the paragraph and respectfully refer the Court to the referenced statute for its contents.

180.    State that Paragraph 180 of the Complaint sets forth conclusions of law to which no response is required.  To the extent that a response is required, Defendants deny the allegations in the paragraph and respectfully refer the Court to the referenced case and statute for their contents.

181.    State that Paragraph 181 of the Complaint sets forth conclusions of law to which no response is required.  To the extent that a response is required, Defendants deny the allegations in the paragraph and respectfully refer the Court to the referenced statute for its contents.

182.    Admit the allegations in Paragraph 182 of the Complaint.

183.    Admit the allegations in Paragraph 183 of the Complaint.

184.    State that Paragraph 184 of the Complaint sets forth Plaintiff's characterization of a New York State statute, to which no response is required.  To the extent that a response is required, Defendants deny the allegations in the paragraph and respectfully refer the Court to the referenced statute for its contents.

30

185.    Deny the allegations in paragraph 185 of the Complaint.

186.    State that Paragraph 186 of the Complaint sets forth conclusions of law to which no response is required.  To the extent that a response is required, Defendants deny the allegations in the paragraph.

187.    State that Paragraph 187 of the Complaint sets forth conclusions of law to which no response is required.   To the extent that a response is required, Defendants deny the allegations in the paragraph.

188.     Deny the allegations in Paragraph 188 of the Complaint.

**Fifth Claim for Relief – Section 504, 29 U.S.C. § 794**

189.    Defendants repeat and reallege their responses to paragraphs 1 to 188 of the Complaint as if fully set forth herein.

190.    State that Paragraph 190 of the Complaint sets forth Plaintiff's characterization of a federal statute, to which no response is required.  To the extent that a response is required, Defendants deny the allegations of the paragraph and respectfully refer the Court to the cited statute for its contents.

191.    State that Paragraph 191 of the Complaint sets forth Plaintiff's characterization of a federal statute, to which no response is required. To the extent that a response is required, Defendants deny the allegations of the paragraph and respectfully refer the Court to the cited statute for its contents.

192.    State that Paragraph 192 of the Complaint sets forth Plaintiff's characterization of

a federal statute, to which no response is required. To the extent that a response is required, Defendants deny the allegations of the paragraph and respectfully refer the Court to the cited statute for its contents.

193.     State that Paragraph 193 of the Complaint sets forth Plaintiff's characterization of a New York State statute, to which no response is required.  To the extent that a response is required, Defendants deny the allegations of the paragraph and respectfully refer the Court to the cited statute for its contents.

194.     State that Paragraph 194 of the Complaint sets forth Plaintiff's characterization of a federal statute, to which no response is required.  To the extent that a response is required, Defendants deny the allegations of the paragraph and respectfully refer the Court to the cited statute for its contents.

195.     Admit the allegations in Paragraph 195 of the Complaint.

196.     Admit the allegations in Paragraph 196 of the Complaint.

197.     State that Paragraph 197 of the Complaint sets forth conclusions of law to which no response is required.  To the extent that a response is required, Defendants deny the allegations in the paragraph, except admit that the UCS receives federal assistance for certain programs that the UCS administers.

198.     Admit the allegations in Paragraph 198 of the Complaint.

199.     State that Paragraph 199 of the Complaint sets forth Plaintiff's characterization of Article 17A, to which no response is required.  To the extent that a response is required,

Defendants deny the allegations of the paragraph and respectfully refer the Court to the cited statute for its contents.

200.    Deny the allegations in Paragraph 200 of the Complaint.

201.    State that Paragraph 201 of the Complaint sets forth conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the allegations of the paragraph.

202.    Deny the allegations in Paragraph 202 of the Complaint

203.    Deny the allegations in Paragraph 203 of the Complaint

## AFFIRMATIVE DEFENSES

Defendants the State of New York, New York State Unified Court System, the Honorable Janet DiFiore, and the Honorable Lawrence K. Marks assert the following defenses:

### FIRST AFFIRMATIVE DEFENSE

1.    The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2.    Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

3.    This Court should abstain from exercising jurisdiction over the subject matter of this action pursuant to the doctrine set forth in *Railroad Commission v. Pullman Co.*, 312 U.S.

496 (1941), and other applicable abstention doctrines.

## FOURTH AFFIRMATIVE DEFENSE

4.      Plaintiff lacks standing to bring this action.

## FIFTH AFFIRMATIVE DEFENSE

5.      Plaintiff lacks standing to assert a claim under the Americans With Disabilities Act, and has failed to state a claim under that statute.

## SIXTH AFFIRMATIVE DEFENSE

6.      Plaintiff lacks standing to assert a claim under the Rehabilitation Act, and has failed to state a claim under that statute.

## SEVENTH AFFIRMATIVE DEFENSE

7.      Defendants are immune from liability and otherwise cannot be held liable for the enactment of statutes by the Legislature of the State of New York.

## EIGHTH AFFIRMATIVE DEFENSE

8.      The existence of two statutory regimes concerning guardianships does not render either or both statutes unconstitutional.

## NINTH AFFIRMATIVE DEFENSE

9.      Plaintiff's claims are barred, in whole or in part, by the doctrine of sovereign immunity as protected by the Eleventh Amendment to the United States Constitution.

## TENTH AFFIRMATIVE DEFENSE

10.      Plaintiff's claims are barred, in whole or in part, by the doctrine of absolute

judicial immunity.

## ELEVENTH AFFIRMATIVE DEFENSE

11.    Some or all of the relief requested by Plaintiff is not available under the applicable law.

## TWELFTH AFFIRMATIVE DEFENSE

12.    Chief Judge DiFiore is not a necessary or proper party to this action.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.    Chief Administrative Judge Marks is not a necessary or proper party to this action.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.    The Unified Court System is not a necessary or proper party to this action.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.    This Court lacks subject matter jurisdiction over some or all of Plaintiffs' claims.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.    Defendants intend to rely on such other and further defenses that may become available or apparent during pre-trial proceedings or at trial in this action, and hereby reserve the right to amend this Answer to assert any such additional defenses.

**WHEREFORE,** Defendants respectfully request that the Court enter an order dismissing the action in its entirety and granting such other and further relief as the Court deems just and proper.

Dated:      New York, New York
              December 22, 2016

ERIC T. SCHNEIDERMAN
Attorney General of the State of New York
*Attorney for Defendants*


_____/s/_____
Michael A. Berg
Jonathan D. Conley
Assistant Attorney General
120 Broadway, 24th Floor
New York, New York 10271
(212) 416-8651
michael.berg@ag.ny.gov

36

**CERTIFICATE OF SERVICE**

I hereby certify that on December 22, 2016, I served a copy of the foregoing Answer by the Court's ECF system and email upon the following:

Timothy A. Clune, Esq.
Jennifer J. Monthie, Esq.
Disability Rights New York
725 Broadway, Suite 450
Albany, NY  12207
(518) 432-7861
*Attorneys for Plaintiff*

_____/s/_____
MICHAEL A. BERG