USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/16/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------- x

DISABILITY RIGHTS NEW YORK,                    :
                                               :
                          Plaintiff,           :
                                               :
          -against-                            :
                                               :
NEW YORK STATE, UNIFIED COURT                  :
SYSTEM OF THE STATE OF NEW YORK,               :
Honorable JANET DIFIORE, as Chief Judge of the :
New York State Unified Court System, Honorable :
LAWRENCE K. MARKS, as Chief Administrative
Judge of the New York State Unified Court System,

                          Defendants.

--------------------------------------------------------------- x

**ORDER GRANTING
DEFENDANTS' MOTION FOR
JUDGMENT ON THE
PLEADINGS**

16 Civ. 7363 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Plaintiff Disability Rights New York, a disability rights advocacy group, filed this

action on September 21, 2016 against New York State, the Unified Court System of the State of

New York (UCS), Chief Judge of the UCS Janet DiFiore, and the Chief Administrative Judge of

the UCS Lawrence K. Marks, alleging that Article 17-A of the New York Surrogate's Court

Procedure Act ("Article 17-A") is unconstitutional and in violation of various federal laws.

Plaintiff asserts that Article 17-A is invalid on its face because it does not expressly mandate the

full panoply of procedures and protections required under Article 81 of the Mental Hygiene Law

("Article 81"). On June 22, 2017, defendants filed a motion for judgment on the pleadings,

arguing, *inter alia*, that the *Younger* abstention doctrine prohibits this Court from hearing this

case. For the reasons discussed below, defendants' motion is granted and this case is dismissed.

        Article 17-A and Article 81 constitute two distinct statutory regimes for seeking

guardianships over individuals with intellectual and developmental disabilities. On its face,

Article 81 affords more protections to people with disabilities before a guardianship can be

1

bestowed, and the two laws contain different legal standards and matters of procedure that are necessary to confer guardianship. These differences include:

- Article 17-A guardianships may be granted based on a showing that two physicians have certified that the person for whom guardianship is sought has an intellectual or developmental disability, which is permanent or likely to persist indefinitely, and that the guardianship is in his or her best interest. Complaint, ECF 1, at ¶¶ 33, 68-69, 88. By contrast, Article 81 guardianships are not "diagnosis driven" but are based on any "functional limitations which impair the person's ability to provide for personal needs or property management." *Id.* at ¶ 43 (citing Mental Health Law Section 81.02(c)).

- Article 17A permits the court to dispense of a hearing for the appointment of a guardian where "the application has been made by (a) both parents or the survivor; or (b) one parent and the consent of the other parent; or (c) any interested party and the consent of each parent." SCPA Section 1754(1)(a)-(c). By contrast, a hearing may be waived under Article 81 only if the alleged incapacitated person consents to the appointment of a guardian. Mental Health Law Sections 81.11, 81.02(a)(2).

- Under Article 81, a guardian may be appointed only where it has been established by clear and convincing evidence that a guardian is needed and there are no lesser restrictive options. *Id.* at ¶ 87 (citing Mental Health Law Sections 81.02, 81.03(d)(e)). In contrast, Article 17A

2

directs that where "the court is satisfied that the best interests of the person who is intellectually disabled or person who is developmentally disabled will be promoted by the appointment of a guardian of the person or property, or both, it shall make a decree naming such person or persons to serve as such guardians." SCPA Section 1754(5).

- Article 81 imposes reporting and oversight provisions upon the appointment of a guardian. *See* Mental Health Law Sections 81.30, 81.31, 81.32, 81.33. In contrast, Article 17A contains no requirement that guardians report annually as to the personal or property status of the person under guardianship.

- Article 81 specifically contemplates removal of the guardian or powers where the guardian or the power is no longer necessary. *See* Mental Health Law Section 81.36(a). By contrast, under Article 17A, there is no limit on duration or subsequent review of the need for continued guardianship. *See* SCPA Section 1759(1).

The Complaint recites these various differences, and alleges that Article 17-A does not comport with the due process clauses of the Fifth and Fourteenth Amendment and violates various federal laws. Accordingly, plaintiff seeks declaratory and injunctive relief on five separate theories: (1) a substantive due process claim under 42 U.S.C. Section 1983 and the due process clauses of the Fifth and Fourteenth Amendments, Compl. ECF 1, at ¶¶ 145-153; (2) a procedural due process claim, *id.* at ¶¶ 154-165; (3) an equal protection claim, *id.* at ¶¶ 166-175; (4) a claim of disability discrimination pursuant to the Americans with Disabilities Act, 42

U.S.C. Section 12132, *id.* at ¶¶ 176-188; and (5) a claim of disability discrimination pursuant to Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. Section 794, *id.* at ¶¶ 189-203.

Although "[o]nly exceptional circumstances" allow a federal court to refuse to decide a case in deference to the States, under the doctrine of *Younger* abstention, district courts must abstain from exercising jurisdiction when the circumstances of the case interfere with: (1) "ongoing state criminal prosecutions," (2) "certain civil enforcement proceedings," or (3) "civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions." *Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 591 (2013) (internal quotation marks and citation omitted). This doctrine is rooted in "principles of equity, comity, and federalism," *Gibson v. Berryhill*, 411 U.S. 564, 575 (1973), and respects the States' "important interests in administering certain aspects of their judicial systems," *Pennzoil v. Texaco*, 481 U.S. 1, 12-13 (1987).

Here, plaintiff's claims fall squarely within the third *Sprint* category, and therefore the Court must abstain from hearing this case. Under Article 17-A, guardianships are judicial proceedings presided over by state-court judges; accordingly, the entire guardianship process is governed by state judges' orders and judgments. *See* N.Y. Surr. Ct. Proc. Act Law 17-A. Such circumstances directly implicate the way that New York courts manage their own guardianship proceedings under Article 17-A, therefore compelling abstention. *See Falco v. Justices of the Matrimonial Parts of Supreme Court of Suffolk Cty.*, 805 F.3d 425, 427–28 (2d Cir. 2015) (invoking *Younger* abstention where "federal lawsuit implicates the way that New York courts manage their own divorce and custody proceedings" on the grounds that it impacts judicial orders that are "integral to the State court's ability to perform its judicial function in divorce and custody proceedings").

Notably, the injunction sought by plaintiff would improperly interfere with state judicial proceedings. Plaintiff seeks an order "[p]ermanently enjoining defendants from adjudicating incapacity and appointing guardians pursuant to SCPA Article 17-A," and requiring defendants to: (i) "notify all people who are currently subject to guardianship orders pursuant to Article 17-A of their right to request modification or termination [of] the guardianship order," and upon receiving such a request, "to promptly hold a proceeding regarding termination or modification of the order . . . ." Complaint, ECF 1, at 34. This proposed injunction would thus "control or prevent the occurrence of specific events that might take place in the course of future state [Article 17-A proceedings]," *O'Shea v. Littleton*, 414 U.S. 488, 500 (1974), by imposing standards on state court proceedings that "would require for [their] enforcement the continuous supervision by the federal court over the conduct of" those proceedings, *id.* at 501. I therefore abstain and dismiss the case. *See Kaufman v. Kaye*, 466 F.3d 83, 86 (2d Cir. 2006) ("[F]ederal courts may not entertain actions, like the present one, that seek to impose 'an ongoing federal audit of state . . . proceedings.'") (citing *O'Shea,* 414 U.S. at 500).

Furthermore, the Court observes that this holding does not preclude plaintiff from challenging the constitutionality of Article 17A in state court. *See Foxhall Realty Law Offices, Inc. v. Telecommunications Premium Servs., Ltd.*, 156 F.3d 432, 435 (2d Cir. 1998) ("State courts are courts of general jurisdiction and are accordingly presumed to have jurisdiction over federally-created causes of action unless Congress indicates otherwise"). The New York State courts are an adequate venue for plaintiff to ventilate its constitutional concerns, and plaintiff's challenge will receive the full benefit of appellate review, and if needed, review in the Supreme Court of the United States. *See Allen v. McCurry*, 449 U.S. 90, 105 (1980) (reaffirming "the constitutional obligation of the state courts to uphold federal law, and [the Court's] expression of

5

confidence in their ability to do so."). Accordingly, plaintiff's challenge is not prejudiced by my

decision today. *See Davidson v. Garry*, 956 F. Supp. 265, 270 (E.D.N.Y. 1996), *aff'd*, 112 F.3d

503 (2d Cir. 1997) (invoking *Younger* abstention because plaintiff "has an adequate avenue of

appeal if he feels that the state court decision was incorrect or motivated by impermissible

bias.").

For the aforementioned reasons, defendants' motion is granted and this case is

dismissed. The Clerk shall terminate the motion (ECF 14) and close the case.

SO ORDERED.

Dated: New York, New York
       August // , 2017

ALVIN K. HELLERSTEIN
United States District Judge